**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10592
Summary Calendar

HARRY F. DONALDSON

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA, et al.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(4:94-CV-236)

December 6, 1995

Before REYNALDO G. GARZA, JONES, BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Background

Harry F. Donaldson, formerly an inmate of the Federal Medical Center (FMC) in Fort Worth, Texas, has appealed the district court's grant of summary judgment to the defendants in his action seeking relief relative to alleged contamination of the environment

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

of FMC.[1]  The appellees, Bureau of Prisons Director Kathy Hawk, FMC Warden George E. Killinger, other FMC officials, and two FMC physicians, Dr. John Barry and Dr. Anthony Cubb, have moved to dismiss the appeal on the grounds of frivolousness and that Donaldson has not complied adequately with Fed. R. App. P. 28(a). The motion to dismiss is DENIED.  However, we dispense with further briefing because, having reviewed appellant's brief, the arguments presented by the appellees in their motion to dismiss, the record, and the district court's opinion, we find no reversible error.

Donaldson claimed that the presence of a great multitude of birds on and around the FMC building was an unsanitary condition and a health hazard.  He specifically alleged that fumes, dust and pigeon droppings in vents and on window sills were unacceptably unhealthy for inmates like himself with respiratory problems.  The court below ruled against Donaldson on his Eighth Amendment claim of cruel and unusual punishment because he was unable to show on summary judgment the requisite deprivation of an identifiable human need or wantonness on the part of the defendants in their attempt to resolve Donaldson's difficulties with life at FMC.  See Wilson v. Seiter, 111 S. Ct. 2321, 2327 (1991); Farmer v. Brennan, 114 S. Ct. 2475, 2481 (1994) (discussing elements of Eighth Amendment claim).

We agree with the district court.  In addition to the fact that appellant's medical records showed no connection between his

_____

[1] Plaintiff-appellant was transferred to a federal correctional facility in Florida in June 1994.

disease and the throng of birds, the record and summary judgment affidavits reveal a long history of herculean efforts by FMC to treat Mr. Donaldson and to rid itself of its Hitchcockian plague.[2] Donaldson filed no document adequately controverting the affidavits of FMC's medical and building staff. Convinced as we are that Donaldson established neither deprivation of a human need nor wantonness on the part of the defendants, we AFFIRM for the reasons given by the district court whose opinion is attached as Appendix A.

---

[2] Methods used by the defendants to drive away the pestilential avian horde included the following: shotgun blasts, inmates banging boards together, fake and real owls, a balloon with hawks painted on it, and a propane gun.